IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. JOHNSON, I,<br>　　　Plaintiff, | )<br>)<br>)　C.A. No. 21-83 Erie<br>) |
| v. | )<br>) |
| TITUSVILLE, PA CITY MANAGER,<br>et al.,<br>　　　Defendants. | )<br>)<br>)　District Judge Susan Paradise Baxter<br>) |

### MEMORANDUM ORDER

Plaintiff Michael J. Johnson, I, filed this *pro se* civil rights action on March 9, 2021. On March 31, 2021, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions for each Defendant by April 20, 2021, so that Defendants can be properly served with the complaint in this matter [ECF No. 5]. After Plaintiff failed to comply with this Order, the Court issued a second order on May 11, 2021, requiring Plaintiff to provide service instructions for each Defendant by May 31, 2021 [ECF No. 7}. This Order specified further that Plaintiff's failure to provide the required service form within such time would result in the dismissal of this action for failure to prosecute. To date, Plaintiff has failed to provide the required service instructions to allow this case to proceed.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness;

4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this case is appropriate. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with two Orders of this Court directing Plaintiff to provide service instructions to enable the United States Marshal to serve Defendants in this case. Alternative sanctions, such as monetary penalties, are deemed inappropriate.

AND NOW, this 8th day of June, 2021,

IT IS HEREBY ORDERED that this case is DISMIISSED due to Plaintiff's failure to prosecute. The Clerk is directed to mark this case CLOSED.

_____
SUSAN PARADISE BAXTER
United States District Judge